CHARLES E. JENKINS, RESPONDENT, *v.* RUSSELL W. ADAMS AND OTHERS, RESPONDENTS.

*Code of Civil Procedure,* § 66, *as amended in* 1879—*when an attorney must have given notice of the assignment of a part of the recovery to him in order to justify his moving to set aside a settlement entered into between the parties.*

APPEAL from an order denying the motion of Messrs. Townsend and Dyett, plaintiff's attorneys, to set aside a settlement of the case between the parties, and to be permitted to proceed therewith in their own interest.

The court at General Term said: "This action was lawfully and properly settled between the parties, without the intervention of the plaintiff's attorneys. There was no intention upon the part of the defendants to cheat these attorneys out of their costs. On the contrary; the defendants had paid them, prior to the settlement, and as a condition of pleading a discharge in bankruptcy, the entire costs of the cause. The attorneys, however, claim that in addition to the costs they were entitled to one-half of the recovery. This, under a special agreement with the plaintiff. But of this agreement the defendants had no notice until after the settlement was made and the discontinuance entered. It is contended that under section 66 of the Code of Civil Procedure, the law gave the notice. It is true that this section gives the attorney a lien upon his client's cause of action. But the act is silent as to its extent or character. Doubtless it was intended to confer upon the attorney the same rights, with regard to the cause of action, as he had previously possessed with regard to the judgment. Now, it was always the rule that a special interest in the claim and judgment could only be pro-

tected by notice.    This rule is equally applicable to the new lien upon the cause of action, created by the section in question."

*A. R. Dyett,* for Townsend & Dyett, appellants.

*Edmund Wetmore,* for defendants, Adams & Rogers, respondents.

*David Tomlinson,* for plaintiff, respondent.

Opinion Per Curiam.

Present—Davis, P. J., Brady and Barrett, JJ.

. Order affirmed, with $10 costs and disbursements.